UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS FRANCISCO CABRERA PEREZ,<br>Petitioner,<br>v.<br>WARDEN, et al.<br>Respondents. | No. 1:26-cv-04488-DJC-JDP<br><br>ORDER |

Before the Court is Petitioner Marcos Francisco Cabrera Perez's pro se Petition for a Writ of Habeas Corpus (ECF No. 1). For the reasons stated below, the Petition is granted. The Court orders that Respondents provide Petitioner with a bond hearing.

**BACKGROUND**

Petitioner is a noncitizen who entered the United States as a child. (Pet. (ECF No. 1) ¶ 23). On April 1, 2026, two charges were filed against Petitioner: Resisting Executive Officer in violation of California Penal Code section 69, and Possession of a Firearm with a Prior Conviction in violation of California Penal Code section 29805. (Opp'n (ECF No. 7), Ex. C at 46.) Petitioner was scheduled to appear on May 1, 2026, at the California Superior Court, County of Fresno. (Opp'n, Ex. A at 9.) While Petitioner attempted to attend his criminal proceedings, he was arrested by

Deportation Officers and taken into immigration custody. (*Id.*) That same day, Petitioner was placed in removal proceedings and charged under section 212(a)(6)(A)(i) as an alien present without being admitted or paroled. (Opp'n, Ex. B at 13.) He has remained in ICE custody since that time.

Petitioner filed a pro se Petition for a Writ of Habeas Corpus before the Court. (ECF No. 1.) The briefing on this matter is now complete. (Pet; Opp'n.)

**DISCUSSION**

Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E), which mandates the detention of, inter alia, an individual who is "(i) inadmissible under paragraph (6)(A) . . . of section 1182(a) of this title; and who "(ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). According to Respondents, Petitioner's charge under California Penal Code section 69 constitutes "assault of a law enforcement officer" under section 1226(c)(1)(ii), and Respondents are thus statutorily required to detain him. (Opp'n at 2.)

In general, when assessing whether a criminal offense matches a crime identified in the Immigration and Nationality Act, courts apply the categorical approach. "Under this approach [courts] look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding" offense. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (quotations omitted). The subsection at issue here, section 1226(c)(2), explicitly directs courts to give the offenses listed in section 1226(c)(1)(E) the meanings they have "in the jurisdiction in which the act occurred." 8 U.S.C. § 1226(c)(2). Therefore, "the Court applies the categorical approach but must look not to the generic federal definition of the offense, but rather to how the qualifying offense is defined within the state." *Orosco Diaz v. Chestnut*,

No. 1:26-cv-03454-DJC-SCR, 2026 WL 1907189, at *2 (E.D. Cal. July 2, 2026). Here, the jurisdiction in which the acts occurred is California. (Opp'n, Ex. C, at 19.) Therefore, the Court must compare the criminal charge at issue and the definition of "assault of a law enforcement officer" under California law.

The Court begins by considering the criminal statute that Petitioner was charged under, California Penal Code Section 69. California courts treat the statute that Petitioner was charged under, Section 69(a), as divisible. *See, e.g., People v. Smith,* 57 Cal. 4th 232, 240, 373 (2013); *People v. Kruse,* 56 Cal.App.5th 1034, 1046 (2020); *People v. Morgan*, 19 Cal.5th 132, 148 (2026). Therefore, the Court adjusts to the modified categorical approach. "[T]he modified categorical approach permits. . . courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013) (discussing the modified categorical approach in reviewing criminal sentencing); *see also Zhang v. Bondi*, No. EP-26-CV-252-KC, 2026 WL 1232349, at *2 (W.D. Tex. May 5, 2026) (applying the modified categorical approach to determine whether a noncitizen detainee is properly detained under section 1226(c)). Therefore, before proceeding with the categorical approach, the Court must determine the part of the divisible statute under which Petitioner was charged.

California Penal Code Section 69(a) provides that:

> (a) Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment.

California courts consistently interpret the statute as "set[ting] forth two separate ways in which an offense can be committed." *Smith,* 57 Cal. 4th at 240. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty." "The first way of violating section 69" does not require "actual use of force of violence" or that the officer be performing his duties. *Kruse,* 56 Cal. App. 5th at 1046. In contrast, the second prong of Section 69 "expressly requires that the defendant resist the officer 'by the use of force or violence.'" *Id*.

The record submitted by Respondents includes a report from a police officer that describes Petitioner using force or violence to resist an officer while the officer performed their lawful duty. Specifically, the officers reported that Petitioner was pulling away from the officer's grip, grabbing the officer's forearm and pulling the officer, pushing the officer's upper body, tucking his knee under his body to prevent being handcuffed, and using his hip and leg to attempt to roll onto his back while being held to the ground on his stomach. (Opp'n, Ex. C at 16.) The Court concludes that Petitioner was charged under the second prong of Section 69, which, as the Supreme Court of California has noted, more plausibly involves assault since it requires the use of force or violence. *Morgan*, 19 Cal.5th 132 at 143.

Having determined which prong is relevant to the present inquiry, the Court may now "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Descamps*, 570 U.S.at 257. To do so, the Court must ascertain the meaning of "assault" in the relevant jurisdiction, California. According to the California Supreme Court, "since its enactment in 1872, California Penal Code § 240 has defined assault as an 'unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," requiring an intentional act, knowledge that conduct would likely result in violent injury, an attempt to use physical

force, and “immediate and present ability to commit an injury.” *Morgan*, 19 Cal.5th 132 at 139.

Next, the Court must analyze whether the “statutory definition” of Petitioner’s crime of conviction (the second prong of Section 69) “criminalizes the same or a broader range of conduct” than the state definition of the qualifying offense listed in section 1226(c)(1)(E)(ii). *Orosco Diaz,* 2026 WL 1907189, at *2. The California Supreme Court has already directly answered the question of whether “assault is a lesser included offense of resistance by force or violence under section 69,” specifically considering “the second prong of section 69(a) because the first clearly does not require the use or attempted use of force and accordingly lacks a required element of assault.” .” *Morgan*, 19 Cal.5th 132 at 142–43. The jury in that case found, and the California Supreme Court affirmed, that “resistance by force or violence under section 69 does not necessarily include the crime of assault” since “[f]orcefully resisting an officer does not require the ‘present ability’ (§ 240) to commit injury, an essential element of assault.” *Id.* at 143. ”Nothing in the text of the [section 69] supports a ‘present ability’ requirement. *Id.* at 146. Therefore, “section 69(a) still reasonably embraces conduct that may not constitute an assault under section 240”: for example, throwing a brick at an officer “who was too far away to be injured,” which would not constitute an assault because of lack of “present ability,” but which could satisfy the second prong of section 69(a). *Id*. at 145–46.

Following the California Supreme Court’s interpretation of section 69, the Court finds that section 69(a) covers more conduct than the definition of assault under California law. For the reasons stated in this Court’s prior cases, Petitioner’s detention is therefore governed by 8 U.S.C. § 1226(a), not § 1226(c). *See Morillo v. Albarran,* No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635 (E.D. Cal. Feb. 19, 2026). He is thus entitled to a bond hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Within fourteen (14) days of this Order, Respondents shall afford Petitioner Marcos Francisco Cabrera Perez a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.
3. Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted or that Petitioner was released.
4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **October 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10–Cabrera Perez26-cv-04488.merits